**STURCHLER v. SUTHERLAND, Alien Property Custodian, et al.**

Circuit Court of Appeals, Second Circuit. January 9, 1928.

No. 205.

War ⬗12—Woman citizen, becoming German citizen by marriage in 1891, held entitled as distributee to seized property of mother, citizen dying in 1922 (Trading with the Enemy Act, § 9, subds. [a] to [d], as amended March 4, 1923, § 1, being Comp. St. § 3115½e).

Where daughter, a United States citizen, whose mother was native-born American citizen, and whose father became naturalized citizen in 1872, went to Germany with parents in 1888, where father died in 1898, and mother died in 1922, leaving daughter as sole heir and next of kin, and daughter had married German subject in 1891, becoming German citizen, and Alien Property Custodian seized securities held by depositaries in this country belonging to mother, who did not reclaim property, administrator of mother's estate could recover seized property for daughter as sole distributee of

mother, under Trading with the Enemy Act, as amended March 4, 1923, § 9, subds. (a) to (d), being Comp. St. § 3115½e.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by Theophile Sturchler, as administrator of the estate of Martha Elizabeth Peipers, deceased, against Howard Sutherland, as Alien Property Custodian, and another, under Trading with the Enemy Act, § 9. From a decree of the District Court (19 F. [2d] 999), dismissing the bill, plaintiff appeals. Reversed, with direction.

Plaintiff is the administrator of the estate of Martha Elizabeth Peipers, a native-born American citizen. She married in New York, in 1867, Hugo Peipers, a German subject, and lived with him therein for about 20 years. A daughter, Kate Peipers, was born of this marriage in 1868, and her father became a naturalized citizen in 1872. About 1887 or 1888, parents and daughter went to Germany to live, where the father died in 1898; the mother died in 1922, leaving the daughter as her sole heir and next of kin. The daughter had married Franz Von Reichenau, a German subject, in 1891, and became by such marriage, and thereafter at all times was, a German citizen.

In 1917 and 1918 the Alien Property Custodian seized as property of the Deutsche Bank, Berlin, the following securities held by depositaries in this country, and in fact belonging to Mrs. Peipers: $20,000 bonds of Chicago, St. Louis & New Orleans Railroad; $500 bond of the Central Pacific Railroad; 45 shares of German-American Bank.

The administrator of the estate of Mrs. Peipers brought this suit to recover the foregoing securities, reclamation of which had not been attempted by Mrs. Peipers during her lifetime. The suit was dismissed by the trial court on the ground that Mrs. Von Reichenau, the sole distributee of Mrs. Peipers' estate, was not entitled to the property, because she did not own it at the time of seizure.

The following provisions of the Trading with the Enemy Act, as amended March 4, 1923 (Comp. St. § 3115½e), are relevant to this case:

"Sec. 9. (a) That any person not an enemy or ally of enemy claiming any * * * property * * * seized * * * may file * * * a notice of his claim * * * and the President, if application is made therefor by the claimant, may order the * * * delivery to said claimant of the

* * * property. * * * If the President shall not so order * * * said claimant may institute a suit in equity * * * to establish the interest, * * * so claimed, and if so established the court shall order the * * * delivery to said claimant. * * *

"(b) In respect of all money or other property * * * seized * * * if the President shall determine that the owner thereof at the time such * * * property was * * * seized * * * was—
* * * * * *

"(3) A woman who at the time of her marriage was a citizen of the United States, and who prior to April 6, 1917, intermarried with a subject or citizen of Germany * * * and that the money or other property concerned was not acquired by such woman, either directly or indirectly, from any subject or citizen of Germany * * * subsequent to January 1, 1917. * * *

"Then the President, without any application being made therefor, may order * * * delivery of such * * * property * * * to the said owner. * * *

"(c) Any person whose * * * property the President is authorized to return under the provisions of subsection (b) hereof may file notice of claim for the return of such * * * property, as provided in subsection (a) hereof, and thereafter may make application to the President for allowance of such claim and/or may institute suit in equity to recover such * * * property, as provided in said subsection. * * *

"(d) Whenever a person, deceased, would have been entitled, if living, to the return of his * * * property hereunder, then his legal representative may proceed for the return of such * * * property as provided in subsection (a) hereof: Provided, however, that the President or the court, as the case may be, before granting such relief shall impose such conditions by way of security or otherwise, as the President or the court, respectively, shall deem sufficient to insure that such legal representative will redeliver to the Alien Property Custodian such portion of the * * * property so received by him as shall be distributable to any person not eligible as a claimant under subsections (a) or (c) hereof."

Barnes, Avery & Whiting, of New York City (Earl B. Barnes and Brainard Avery, both of New York City, of counsel), for appellants.

William A. DeGroot, U. S. Atty., of Brooklyn, N. Y., (Thomas E. Rhodes and Dean Hill Stanley, both of Washington, D. C., of counsel), for appellees.

R. R. Loening, of New York City, amicus curiæ.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). It is contended by the government that the plaintiff should not prevail, because under the provisions of section 9 (d) his distributee, Mrs. Von Reichenau, was a person not eligible as a claimant under subsection (c), for the reason that (c) was limited by (b), to which it referred, to that class of preferred claimants who were owners of the property at the time it was seized. If plaintiff's argument be adopted, and (d) be taken, as it quite properly may be, to refer only to property of persons who were dead on June 5, 1920, when (d) was first inserted in the Trading with the Enemy Act, the case becomes simple. The words, "would have been entitled, if living," seem to justify plaintiff's construction. With this interpretation, (d) need not be regarded at all, and we have a case resembling United States v. Klein, 13 Wall. 142, 20 L. Ed. 519, where Mrs. Von Reichenau would inherit the rights of Mrs. Peipers as her next of kin, without any possible limitation caused by the application of (d).

But, assuming that (d) be taken to cover cases of persons dying later than June 5, 1920, the theory of the government must still fail. To limit distribution among the next of kin of a person whose property has been seized to distributees who were owners of the property at the time of the seizure would preclude such distributees altogether, and make nonsense of the statute. It is manifest that here, as in other cases, the distributees could not be the owners of the property at the time of the seizure, because the owner at that time was and inevitably would be the person from whom they have inherited. The only reasonable way to read (d) is to treat the eligible distributees as the class of enemy aliens privileged under the terms of (b) to reclaim seized property in their own right. Mrs. Von Reichenau, as a citizen of the United States who, prior to April 6, 1917, had married a citizen of Germany, came within b (3), and could reclaim in her own right, had her property been seized.

Subsection b (3), first adopted June 5, 1920, protected Mrs. Von Reichenau by enabling her to reclaim her own property, if seized. After July 2, 1921, when peace was

declared with Germany, no property could be seized. To preclude her from inheriting property from her mother, who had had the right to reclaim it and did not die until December 31, 1922, involves a most strict construction of subsection (d), quite out of reason. The provision in (d) was probably inserted to avoid the necessity of a second seizure of the interests of distributees who were not exempted by 9 (a) and (b). It imposes no limitation upon the rights of Mrs. Von Reichenau.

The decree is reversed, with direction to enter a decree for the plaintiff.